In the Matter of the Judicial Settlement of the Account of HARFORD B. KIRK, as Executor, etc., of GEORGE W. RICHARDSON, General Guardian, etc., Appellant, *v.* ANNIE M. RICHARDSON and LEWIS P. RICHARDSON, Respondents.

*Will — when the devisee takes an estate in fee — tenancy by the curtesy.*

A testator devised to his daughter "all of the remaining property which I may have, after my estate has been settled and all the above legacies complied with, to her and her child or children. Should the said Ada E. P. Richardson (the daughter) die without leaving any child or children, then the above legacy to be given to G. W. Richardson (her husband), to him and his heirs forever." The proceeds of the property received under the will were invested by the daughter in the purchase of a house in which she lived with her children and her husband, both of whom survived her, and in which, after her death, the husband continued to live until his death.

*Held*, that under the will the daughter took an estate in fee simple absolute in the property devised to her, and that her husband was entitled to an estate as tenant by the curtesy in the house purchased therewith.

Appeal from a decree of the surrogate of Westchester county upon the accounting of the executor of the last will of George W. Richardson, deceased.

*George W. Miller*, for Kirk, executor, appellant.

*M. G. Hart*, for the respondents.

Dykman, J. :

This proceeding was instituted before the surrogate of Westchester county, by David Cromwell as the general guardian of Annie M. Richardson and Lewis P. Richardson, minors, to compel Harford B. Kirk, the executor of George W. Richardson, deceased, who was the former general guardian of these two minors, to give an accounting of the proceedings of the former guardian, and to compel the payment of the money in the hand of the deceased, at the time of his death, belonging to these two minors.

The rights of these two infants depend on the construction of one of the provisions of the last will and testament of Lewis Perry. They are these : " Second. I give and bequeath to Ada E. P. Rich-

ardson, wife of G. W. Richardson, all of the remaining property which I may have after my estate has been settled and all the above legacies complied with, to her and her child or children. Should the said Ada E. P. Richardson die without leaving any child or children, then the above legacy to be given to G. W. Richardson, to him and his heirs forever." These minors are children of G. W. and Ada E. P. Richardson. The testator died in 1866; one of these children was born before his death and one after. Mrs. Richardson died in 1870.

The language employed to create a life estate is not found in this will, and such an estate cannot be implied from the absence of the words heirs or assigns, because such words are no longer requisite to the conveyance of an estate in fee. (2 R. S. [6th ed.], 1130.) By the common law Mrs Richardson, under this will, would have taken a fee tail, and now by our statute that is adjudged a fee simple, and as no remainder was limited on it, it became a fee simple absolute. (2 R. S. [6th ed.], 1100.)

Mrs. Richardson invested the proceeds of the property received under the will in a house and lot in Morrisania, the title to which she took in her own name. Here she resided until the time of her death with her husband and these two children. He acted as the guardian of these children and continued to occupy the same premises until his death in 1881.

The claim now is that the estate of the father is largely indebted to these children, and among other things for the use and occupation of these premises, and the surrogate in the decree appealed from has charged the estate of the father with the rent of the premises from the death of his wife until his death in May, 1881. This finding excludes the rights of the husband as tenant by the curtesy, and the principal question involved is whether he became such tenant.

The facts on which the solution of this question is dependent are beyond dispute. They were husband and wife, and she was seized in fee of the premises. She had children born alive and she died intestate seized of the premises, and left her husband surviving. No other factors are necessary under our law to constitute tenancy by the curtesy. It follows that the estate of Richardson is not chargeable with the rent of these premises, as he had the right to their use as tenant by the curtesy, and the decree should be reversed and the

proceedings remitted to the surrogate to proceed with the accountii on these principles; no costs.

BARNARD, P. J., and PRATT, J., concurred.

Decree of surrogate reversed, with costs.